FRUGÉ, Judge.
This case involves an appeal by John Rachal in the Ninth Judicial District Court for the Parish of Rapides, seeking unemployment compensation benefits. The claimant has been successively disqualified by the administrator, the appeals referee and the Board of Review of the Louisiana Division of Employment Security and by the trial judge for misconduct under LSA-R.S. 23:1601(2).
Said section of the Revised Statutes provides that an individual shall be disqualified for benefits if the administrator finds that he has been discharged for misconduct connected with his employment.
The specific misconduct of the claimant was repeated smoking in the lumber yard where he was employed, Arkansas Oak Flooring. The claimant was caught by his foreman, Mr. Griffith, on three occasions and specifically warned that smoking was prohibited in the lumber yard. In addition, there were “No Smoking” signs posted throughout the yard. The record indicates that smoking in the vicinity of stacks of lumber is a dangerous action. Despite this knowledge, the sign warnings and two other direct warnings, the claimant continued to violate the safety rule. On the third violation, he was discharged. Plaintiff, who is the claimant in this action, states in brief that he had suffered a head injury which caused some deafness. The record does not reveal that he could not or did not hear the warnings of his foreman, but rather quite frankly admits that he heard the warnings.
This court is of the opinion that claimant’s action constitutes misconduct. In the case of Sewell v. Sharp, La.App., 102 So.2d at pages 259, 261, the court stated:
“ ‘Misconduct’ is a word of general usage and is not defined in a statute itself. Resort, must, therefore, be made to the generally accepted definitions, such as wrongful, improper or unlawful conduct, motivated by premeditated, obstinate, or intentional purpose. Misconduct, within the meaning of the Unemployment Compensation Act, excluding from its benefits an employee discharged for misconduct, must be an act of wanton or willful disregard of the employer’s interests, a deliberate violation of the employer’s .rules, and a disregard of standards of behavior which the employer has a right to expect of his employees. * * * ”
The claimant’s repeated violation of the safety rule was a repeated wanton and willful disregard of the employer’s interest in not having his lumber yard burned by a match or smoking. The misconduct consisted of repeated deliberate violations *76 of the employer’s reasonable and necessary safety rules.
For the. above and foregoing reasons the judgment of the district court is affirmed at plaintiff’s costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.