136 So.2d 329 (1961)
Jerlean JACKSON, Plaintiff-Appellant,
v.
Richard E. BROWN, Administrator of the Division of Employment Security of the Department of Labor of the State of Louisiana, et al., Defendants-Appellees.
No. 9634.
Court of Appeal of Louisiana, Second Circuit.
December 27, 1961.
Melvin L. Bellar, Shreveport, for appellant.
Jerry H. Bankston, Marion Weimer, Baton Rouge, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
AYRES, Judge.
Plaintiff appeals from a judgment upholding and approving the findings of and conclusions reached by the Louisiana Board of Review of the Division of Employment Security of the Department of Labor. These findings and conclusions were that plaintiff did not qualify for the receipt of unemployment compensation benefits of her discharge from her employment by reason of insubordination constituting misconduct, as defined in LSA-R.S. 23:1601(2).
The charges of misconduct by reason of insubordination are clearly supported and established by the evidence. After a leave of some two or three hours from her employment, plaintiff was admonished with reference thereto and advised and instructed *330 not to leave her employment without permission; whereupon, in the presence of the other employees, she engaged in the vociferous use of abusive and profane language toward not only her foreman, whom she threatened with bodily harm by use of a knife, but to her employer. Moreover, she was contemptuous of the rules and regulations of her employer, as she stated she would leave her work whenever she desired, clearly indicating with or without permission.
There can be no question of plaintiff's misconduct within the intendment of the statute so as to preclude her recovery of unemployment compensation.
Appropriate to the facts shown to exist in the instant case is an observation made by this court in Sewell v. Sharp (La.App. 2d Cir., 1958), 102 So.2d 259, 261, wherein it was stated:
"* * * `Misconduct' is a word of general usage and is not defined in the statute itself. Resort, must, therefore, be made to the generally accepted definitions, such as wrongful, improper or unlawful conduct, motivated by premeditated, obstinate, or intentional purpose. Misconduct, within the meaning of the Unemployment Compensation Act, excluding from its benefits an employee discharged for misconduct, must be an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, and a disregard of standards of behavior which the employer has a right to expect of his employees. 48 Am.Jur, p. 541, `Social Security, Unemployment Insurance and Retirement Funds', § 38; 81 C.J.S. Social Security and Public Welfare § 162, pp. 245-247. In determining, however, what constitutes misconduct, the standard to be applied is that of the employment contract, expressed or implied, which fixes the worker's duties in connection with his work, viewed in the light of the employer's duties, responsibilities, and obligations to the employee. Without question loyalty, consideration and cooperation are due by the employee to the employerthe laborer should be worthy of his hire. * * *"
Plaintiff, nevertheless, cites and relies upon, for a reversal of the judgment appealed, the decision of this court in the case of King v. Brown (La.App. 2d Cir, 1959), 115 So.2d 405.
It may be appropriate to point out that plaintiff, in the instant case, was given notice of her disqualification based on a charge that she walked off her job without permission; whereupon, returning and being instructed by her foreman and employer with reference to leaving her employment, she became abusive in her language and threatened her foreman; that, in a finding of fact by the Appeals Referee, claimant did receive permission to leave her work to go to a hospital for a physical checkup. However, the referee did find that the claimant was not without default in bringing about her discharge because she instigated an argument with her foreman and, later, an argument with the owner of the company by whom she was employed. This was the basis not only for plaintiff's discharge from her employment but for her disqualification for receipt of unemployment compensation.
There was no deviation from the initial charge made against plaintiff, nor was there any substitution of charges in the various stages of the proceedings as conducted by the Division of Employment Security of the Department of Labor, as was found to exist in the cited case. Therefore, the authority relied upon is without application.
Finding no error in the judgment appealed, it is hereby affirmed.
Affirmed.