147 So.2d 27 (1962)
Willie WILSON, Plaintiff-Appellee,
v.
Richard E. BROWN, Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, Defendant-Appellant, and
Shreveport Garment Factory, Defendant.
No. 9776.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1962.
Rehearing Denied November 29, 1962.
*28 Marion Weimer, Baton Rouge, for appellant.
R. Clyde Lawton, Jr., Shreveport, for appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
Before HARDY, GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, J.
Plaintiff was disqualified for unemployment compensation by a decision of the Board of Review of the Division of Employment Security for misconduct connected with his employment, (LSA-R.S. 23:1601(2)) and instituted this suit seeking a judicial review of his case. The trial court heard the appeal from the ruling of the administrative agency and rendered judgment favorable to plaintiff. Richard E. Brown, Administrator of the Division of Employment Security of the Department of Labor then perfected this appeal.
The scope of our review of a decision by the Board of Review has been limited by statute, LSA-R.S. 23:1634, which in part reads:
"* * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. * * *"
The Board of Review gave the following findings and reasons for disqualification of the employee:
"The claimant worked for the above employer three (3) years as a cleanup man and porter, earning $1.10 per hour. The records and evidence in this case show that the actions of the claimant, when warned for talking too much with other employees while on duty was misconduct and his attitude toward the supervisor when he was reprimanded is considered insubordination and he is responsible for his separation. A separation under these conditions is considered misconduct in connection with the employment."
The record contains the deposition of plaintiff and W. C. Douglas, who, as plaintiff's immediate supervisor, brought about the employee's discharge. Douglas testified that he repeatedly had warned Wilson against approaching other employees for the purpose of conversation and that plaintiff was discharged because of his insubordinate attitude. Plaintiff contends that he was not discharged for any neglect of his duties, but because he refused to acknowledge blame for an act which he did not regard as misconduct.
The question of fact presented by these circumstances for determination by the Board of Review was whether the employee was guilty of insubordination. The *29 Board of Review found that plaintiff was properly discharged for insubordination.
When the evidence produced at a hearing before an administrative agency is open to various constructions, the reviewing court must accept the finding of the agency. We think the record contains sufficient evidence to justify the factual determination of the Board of Review.
Misconduct connected with his employment as used in LSA-R.S. 23:1601(2), supra, has been repeatedly defined by the courts. See: Burge v. Administrator, Division of Employment Security of Department of Labor, State of Louisiana, La.App., 83 So.2d 532 (2d Cir. 1955); Sewell v. Sharp, La.App., 102 So.2d 259 (2d Cir. 1958); Batiste v. Brown, Administrator, La.App., 134 So.2d 381 (3rd Cir. 1961); Jackson v. Brown, Administrator, La.App., 136 So.2d 329 (2d Cir. 1961), and Vandike v. Brown, Administrator, La.App., 139 So.2d 803 (3rd Cir. 1962). As so defined, misconduct occurs when the conduct of the employee evinces willful or wanton disregard of the employer's interest, as is found in deliberate violations, or disregard of standards of behavior which the employer has the right to expect of his employees, or in carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. The findings of the Board of Review reflect the contentious attitude of plaintiff brought about his discharge. Conduct of this nature has been held to constitute insubordination. Jackson v. Brown, Administrator, supra.
For the foregoing reasons it is the finding of this court that the decision of the Board of Review is supported by sufficient evidence to substantiate its ruling that the employee was guilty of misconduct within the purview of LSA-R.S. 23:1601.
It follows, therefore, that the judgment from which appealed should be and is hereby reversed and set aside and it is ordered that the decision of the Board of Review of the Division of Employment Security of the Department of Labor of the State of Louisiana, denying the claim of appellee for unemployment benefits, should be and is hereby reinstated and affirmed in all respects, plaintiff to pay costs of this suit.

Supplemental Opinion
PER CURIAM.
For the reasons set forth in Odell Holmes, Jr. v. Richard E. Brown, Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, on the docket of this court, ___ So. ___, this day decided, our former decree is corrected to eliminate the requirement that plaintiff be taxed with costs.