BOLIN, Judge.
Plaintiff, employed as a taxi driver for Yellow Cab Company, was discharged for alleged misconduct. He sought and was denied unemployment benefits from the Division of Employment Security of the Department of Labor, State of Louisiana. The agency’s determination was affirmed by the Appeals Referee and the Board of Review, and claimant petitioned the First Judicial District Court for a judicial review which resulted in a decision reversing the Board of Review and decreeing plaintiff entitled to unemployment benefits. From this judgment the Administrator of the Division of Employment Security has appealed.
Reviewing the record to determine the sufficiency of the evidence relied upon to support the findings of the board, as we are authorized to do under the provisions of LSA-R.S. 23:1634, we find that plaintiff operated a taxi cab similar to all other vehicles being used by the Yellow Cab Company ; and that it was equipped with a two-way radio customarily used by cab headquarters to dispatch cabs and by drivers to report location, pick-ups and deliveries to the dispatcher. At 10:45 p. m. on the date in question plaintiff was dispatched to the Western Union office in Shreveport to pick up a telegram for delivery to Cooper Road. The Yellow Cab headquarters heard nothing further from him for a period, of approximately three hours. When he returned to the garage and reported in to the dispatcher, he was asked why he had been gone for such a long time without maintaining radio contact and he offered no immediate explanation. For violation of the company rule requiring drivers to maintain contact with the dispatcher he was discharged by his employer.
On the hearing before the Appeals Referee plaintiff related a story of being forced at gun point .by two men to drive them various places within the city and of being released only after his motor stalled and his battery went dead. He stated the two men then hailed another cab and he found someone with a battery to start his cab. He contended it was impossible during all this time for him to use his radio or to telephone. He also stated that even after he started his cab he was afraid to use the radio for fear of stalling the motor.
Claimant made no effort to notify the police, nor did he explain to the dispatcher or to the foreman his alleged reasons for failure to call in, but noted the circumstances on his trip sheet which he turned in to the foreman after being ordered to check in for the night. From these facts the Appeals Referee concluded:
“The evidence in the instant case shows that the claimant did not make sufficient effort to notify the employer of his hold-up so they could notify the police in time. His attitude about reporting the incident was such that it is doubtful that it actually happened. The employer was justified in discharging the claimant for taking too long on a trip without making a proper report to the company.”
The correctness of this conclusion is the issue we are called upon to decide. The pertinent portion of LSA-R.S. 23:1601 provides :
“An individual shall be disqualified for benefits * * *
“(2) If the administrator finds thats he has been discharged for misconduct connected with his employment. * $ * »
The term “misconduct” has been defined many times by our courts to mean a willful and wanton disregard of an employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect of his employees, or negligence of such degree of recurrence as to manifest culpability, wrongful in *27 tent or evil design, or show an intentional and substantial disregard of the employer’s interest, or of the employee’s duties and obligations to his employer. 48 Am. Jur. p. 541; Burge v. Administrator, Division of Employment Security of Department of Labor of State of La. (La.App. 2 Cir., 1955) 83 So.2d 532; Sewell v. Sharp (La.App. 2 Cir., 1958) 102 So.2d 259; Yellow Cab Co. of Shreveport, Inc. v. Stewart (La.App. 2 Cir., 1959) 111 So.2d 142 and Jackson v. Administrator, Division of Employment Security of Department of Labor, State of La. (La.App. 2 Cir., 1961) 128 So.2d 915.
We feel there is sufficient legal evidence in this record to support the findings of the Referee and the Board of Review that plaintiff was discharged because of misconduct.
For the reasons assigned, the judgment appealed from is reversed and set aside and the ruling of the Board of Review for the Division of Employment Security of the Department of Labor, State of Louisiana is reinstated and plaintiff is accordingly, decreed to be ineligible to receive the unemployment benefits applied for herein. Plaintiff is cast for all costs.
Reversed.
Supplemental Opinion
Before HARDY, GLADNEY, AYRES and BOLIN, JJ.
PER CURIAM.
Our attention is directed to certain provisions of LSA-R.S. 23:1692 as to the assessment of court costs against individuals in legal proceedings to collect unemployment compensation, which provisions read:
“No individual claiming benefits shall be charged fees or costs of any kind in in any proceeding under this Chapter by the board of review, the administrator, or by their representatives, or by any court, but a court may assess costs against the claimant if it determines that the proceedings for judicial review have been instituted or continued frivolously.”
Our former decree accordingly is corrected to eliminate the requirement that plaintiff be taxed with costs.