273 So.2d 909 (1973)
Charles E. FOUTS
v.
DELTA SOUTHERN COMPANY et al.
No. 9263.
Court of Appeal of Louisiana, First Circuit.
February 20, 1973.
Jerry H. Smith (Legal Aid), Baton Rouge, for appellant.
Marion Weimer, Baton Rouge, for F. C. Doyal.
Charles W. Wilson, Watson, Blanche, Wilson and Posner, Baton Rouge, for Delta Southern Co.
Before LOTTINGER, ELLIS and CRAIN, JJ.
LOTTINGER, Judge.
This appeal was brought by plaintiff-appellant, Charles E. Fouts (hereinafter referred *910 to as Claimant), following a decision adverse to him in a judicial review in the Lower Court of an administrative ruling by the Board of Reviewan agency of the Division of Employment Securitywhich denied his claim for unemployment compensation following discharge from his employment with defendant-appellee, Delta Southern Company (hereinafter referred to as Employer). The other defendant-appellee is the Louisiana Department of Employment Security.
Claimant was employed for approximately eleven months by Employer. At the end of his shift on his last day of work, Claimant walked out of the gates of Employer with a cutting torch of Employer in his possession. After Claimant had walked approximately 30 feet from the gate, he was stopped by a guard, and the cutting torch taken from him. Employer had its company rules printed in booklets, one of these being that anyone removing company tools and equipment from the company property is subject to discharge. When Claimant reported to work the following day, he was fired by the superintendent for taking company property off of the premises in violation of a company rule. Claimant requested unemployment compensation under the Louisiana Employment Security Law. His request was denied.
The first issue is whether the findings of fact by the Appeals Referee, which were affirmed by the Board of Review, are supported by sufficient evidence as required by R.S. 23:1634. The Appeals Referee found that the Claimant was aware that company property was not to be removed from the work location. Attorneys for Claimant contend that there is no basis for this finding of fact. R.S. 23:1634 is applicable to the instant case and reads in pertinent part that:
"In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law."
The Appeals Referee apparently based its holding, that Appellant was aware that company property was not to be removed from the work location, upon the following testimony adduced at the hearing:
REFEREE: Now, what is the company policy regarding equipment on a job site?
CLAIMANT: Well, I can't quote it exact. I know you are not suppose to take it home.
REFEREE: In other words, you are not suppose to remove any equipment from a job site, is that correct?
CLAIMANT: Yes, because there was such a rule section.
REFEREE: Now, if you were aware
CLAIMANT: I wasn't aware of it though, I didn't think, I wasn't thinking.
REFEREE: Were you aware of this rule or
CLAIMANT: Not when I was, not when I did that. I thoughtI had been using that torch a long time, so I thought it wouldn't hurt just to leave it in my car overnight.
REFEREE: Now, you say you weren't aware of this rule, but you had been working for this company for 11 months. Were you explained the rules and regulations when you were employed?
CLAIMANT: I read them, yes. I didn't no, I didn't read that, exactly that partpart, I didn'tI mean, I just read through the book.
REFEREE: But you were given a book?
CLAIMANT: Well, I mean, I knew it you couldn't steal or anything, but I didn't think it would hurt just to take the torch out.

*911 REFEREE: But you were given a book by the company with all the rules and regulations?
CLAIMANT: Yes. That on in
REFEREE: And this one rule and regulation was in that book, is that correct stating that you are not suppose to
CLAIMANT: Yes, I think itI don't know exactly how it's stated. I think it's in there though, butit should be in there, but
In addition, Don Gerald, Special Assistant to the Director of Industrial Relations of Employer, testified that Mr. Fouts was discharged for violation of Section Number 3 of Group I of the company rules contained in the Shop Employee Manual which "reads very closely to the extent that anyone removing company property from the premises will be subject to discharge."
The above evidence ruled on by the Appeals Referee was "sufficient evidence" under R.S. 23:1634 to preclude judicial inquiry into the facts and to confirm the jurisdiction of the Court to questions of law.
The next issue is whether Claimant's conduct was "misconduct" within the meaning of R.S. 23:1601(2).
LSA-R.S. 23:1601(2). Disqualification for Benefits
"An individual shall be disqualified for benefits:
* * * * * *
(2) If the administrator finds that he has been discharged for misconduct connected with his employment. * * *"
The general rule, as outlined by a long line of jurisprudence, is that an employee who deliberately violates a reasonable rule of his employer is guilty of "misconduct" under the provisions of LSA-R.S. 23:1601(2) and therefore, would not be qualified for benefits under the Employment Security Law. Rankin v. Doyal, 223 So.2d 214 (La.App.2d Cir.1969); Jackson v. Doyal, 198 So.2d 469 (La.App.2d Cir. 1967); Campbell v. Doyal, 190 So.2d 661 (La.App.2d Cir.1966); Wilson v. Brown, 147 So.2d 27 (La.App.2d Cir.1962); Holmes v. Brown, 147 So.2d 25 (La.App. 2d Cir.1962); Jackson v. Brown, 136 So.2d 329 (La.App.2d Cir.1961); Rachal v. Brown, 136 So.2d 74 (La.App.3d Cir.1961). There is no question that Claimant violated Employer's rule, the question is whether this is a reasonable rule. It would seem reasonable that Employer would want to protect its investment in tools and equipment by having these items locked up on the job site by their employees at the end of the day. We are impressed that Employer must have had some experiences of having tools lost or even stolen to go to the point of having to print a booklet containing the rule that its tools were to be left on the job site under penalty of the offending employee being discharged. We are also impressed that Employer had a guard at its gate to observe employees leaving the premises. This reinforces our belief that Employer was doing what it could in other ways to avoid the loss of its tools and equipment. We are not saying that Claimant was acting with wrongful intent or evil design. We do believe that there was a deliberate violation of a reasonable rule of Employer, which rule was designated to avoid the financial burden and expense of having to replace tools and equipment removed from the job site by its employees.
For these reasons the appellant is not qualified for unemployment compensation. The judgment of the Lower Court is affirmed, all costs of this appeal are to be paid by appellant.
Judgment affirmed.