ARMSTRONG, Judge.
This is an appeal from a judgment of the trial court affirming an administrative decision that the claimant-appellant, Thomas J. Romano, was discharged from his employment for “misconduct” so as to disqualify him from receiving unemployment compensation benefits. We reverse and remand for the reasons assigned.
Romano was route salesman for the Simon Hubig Pie Company (“Hubig”). He made stops on a long route to drop off pies, pick up stale pies and neatly arrange the pie displays. He was fired for failing to stop at all of his customers’ stores twice weekly as directed by his employer. Before being fired, Romano was suspended for a day and subsequently was told if he did not make all of his stops in the future as directed he would be fired.
Romano filed a claim for unemployment compensation with the Office of Employment Security which was denied. Romano pursued three subsequent internal appeals, including a hearing before an Appeals Referee, all of which affirmed the original decision that Romano had been properly discharged from employment due to his deliberate and willful misconduct in accordance with the provisions of La.R.S. 23:1601.
Romano filed a Petition for Judicial Review with Civil District Court. In Answer And Return In Judicial Review the administrator of the Office of Employment Security prayed that the decision of the Board of review be reversed because the findings of fact were not based on sufficient, legal or competent evidence. After a fifth hearing, the trial court affirmed the decision again disqualifying Romano from receiving unemployment compensation benefits.
On appeal, Romano argues that the district court erred in its interpretation of the law. In the absence of fraud, the findings of the Board of Review are conclusive as to the facts of the case, thus limiting judicial review to questions of law. Cox v. Lockwood, 373 So.2d 246, 247 (La.App. 4th Cir. 1979); Dorsey v. Department of Employment Security, 353 So.2d 363 (La.App. 1st Cir.1977) rehearing denied, writ denied, 355 So.2d 549 (La.1978); see also La.R.S. 23:1634. In accordance with La.R.S. 23:1634, the two essential questions of law that we must answer are:
(1) Was the Board of Review’s decision based on sufficient, competent evidence, and
(2) As a matter of law, did the findings of fact justify the decision of the Board of Review. Banks v. Administrator of Dept. of Emp. Sec.; 384 So.2d 485 (La.App. 2d Cir.1980), affirmed, 393 So.2d 696 (La.1981).
*14 Romano maintains that the evidence against him, and the decision to deny him benefits, was based solely on hearsay; and thus was not sufficient or competent. Although hearsay is admissible in administrative hearings, it cannot be considered competent evidence and cannot be used in determining whether the findings of the Board of Review in an unemployment compensation case are supported by sufficient evidence. La.R.S. 23:1634. Thigpen v. Administrator, Office of Employment Sec., 488 So.2d 1213 (La.App. 4 Cir.1986).
Hubig, Romano’s employer, denies that the Board of Review based its decision solely on hearsay evidence. It relies on the testimony of Otto Ramsey (“Ramsey”) a partner of Hubig, to support the Board’s finding that Romano was guilty of intentional misconduct.
Ramsey testified that Romano was terminated because he refused to serve each of his customers twice a week as he had been instructed to do. Ramsey said the Hubig’s mandate that each customer would be served twice a week was made clear to all employees but in Romano's case he was personally and repeatedly warned. Ramsey described three separate incidents in which he and other superiors of Romano warned him in meetings and telephone conversations that failure to properly service his route would result in termination. Despite these warnings, Ramsey testified, “we received several complaints from different stores on the route;” and “we also noted from the charge accounts that the driver turns in, how frequently he is serving stores.”
Ramsey was the only person to testify on behalf of Hubig. The conversations he held with Romano in which he warned him to serve his route properly were initiated based on the complaints from Romano’s route supervisor and others that Romano was not serving each customer on his route twice weekly. Nor were the charge accounts produced that Ramsey claimed corroborated these complaints.
Hearsay is any out of court statement offered to support the truth of the matter asserted. Although hearsay, the charge account records could have been accepted as a hearsay exception if they qualified as business records. Without the charge account records all of Ramsey’s testimony is insufficient and incompetent because it is based on out of court statements that Romano failed to serve each customer twice weekly.
The facts of this case very closely resemble that of Payne v. Antoine’s Restaurant, 217 So.2d 514 (La.App. 4th Cir.1969). In Payne, claimant was a dishwasher with Antoine’s Restaurant and was fired allegedly for his refusal to do work assigned to him by his foreman. When his application for unemployment benefits was denied by the Office of Employment Security, claimant appealed. The only witness on behalf of his employer was the restaurant manager, Ange Gaston Alciatore. The decision was affirmed by the Appeals Referee, the Board of Review and the District Court. In its opinion reversing the district court, this court wrote:
“Obviously, if there was a refusal to do work for and as directed by the foreman, Mr. Alciatore could not know this except from having been told by the foreman. Therefore, his testimony that the claimant had refused to do work as assigned was clearly hearsay and should not have been considered. Clark [claimant’s foreman] was not called to testify and there is no explanation in the record for his failure to do so.”
Romano testified that his route supervisor followed him on his route and had direct knowledge of whether Romano made the stops that he was instructed to make. Yet Romano’s route supervisor was not called to testify. In Payne the court commented on similar circumstances:
“Claimant’s only accuser of misconduct by refusal to do work assigned was his foreman, Clark. By all rules of fairness and law he was entitled to confrontation and the right of cross-examination of his accuser. This he was denied.”
We agree. Because the findings of fact are based solely on hearsay, it is not sufficient and competent evidence to disqualify *15 Romano from receiving unemployment benefits.
Even had such evidence been sufficient to support the Board’s finding that Romano did not serve each customer twice weekly, we are not convinced that such a failing amounts to intentional misconduct. The courts have defined misconduct under La. R.S. 23:1601(2) to mean an act of willful or wanton disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employees’ duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963); Jackson v. Doyal, 198 So.2d 469 (La.App. 2d Cir.1967); Gatlin v. Brown, 154 So.2d 224 (La.App. 2d Cir.1963); Turner v. Brown, 134 So.2d 384 (La.App. 3d Cir.1961).
Ramsey’s testimony makes clear that Romano was fired specifically for his failure to serve certain customers on his route twice a week as he had been instructed to do. Ramsey added that he thought Romano was “a good route man. He was well-liked by a great many customers on his route.” It seems that it was this one failing that led Hubig to terminate Romano’s employment, but such a failing is not adequate to constitute misconduct such as to disqualify Romano from receiving unemployment benefits.
In the Turner v. Brown case, supra, the court wrote:
“ ‘Such misconduct is not shown by a single dereliction or minor and casual sets of negligence or carelessness, or by inadvertencies or ordinary negligence in isolated instances,’ 81 CJS Social Security and Public Welfare § 162 pp. 246-247.”
The burden of proving a claimant’s misconduct is upon the employer by a preponderance of the evidence. Dorsey v. Administrator, 353 So.2d 363, 364 (La.App. 1st Cir.1977), writ denied, 355 So.2d 549 (La.1978). The employer has clearly failed to meet its burden of proof.
The purpose of Louisiana Employment Security Law is to prevent the spread of unemployment and to “lighten its [unemployment] burden which so often falls with crushing force upon the unemployed worker and family.” La.R.S. 23:1471. Mr. Justice Lemmon stated in Charbonnet v. Gerace, 457 So.2d 676, 678 (La.1984); that “[b]ecause of the beneficial purpose of unemployment compensation, the term misconduct should be construed so as to favor the awarding of benefits rather than disqualification.” The Louisiana Employment Security Law is remedial in nature and, as such, should be interpreted by the Court to extend its benefits as far as possible within the bounds imposed by express legislative restrictions. Craighead v. Administrator, 420 So.2d 688, 689 (La.App. 2d Cir.1982), writ denied, 422 So.2d 154 (1982).
For the reasons assigned, we find that Romano is entitled to unemployment compensation benefits. We reverse the trial court judgment and remand this case to the Board of Review of the Division of Employment Security of the Department of Labor with instructions that an order issue directing the payment to Romano of the unemployment compensation benefits to which he is entitled under the Louisiana Employment Security Law. Simon Hubig Co. is cast for all costs.
REVERSED.