CARTER, Judge.
This is an appeal from a denial of unemployment compensation benefits.
FACTS
Plaintiffs, Joyce Holmes, Diane White, and Delores Taylor, were employed by St. James Place for varying periods of time prior to their discharges in February, 1988. Holmes was employed from May 3, 1983, through February 12, 1988. White was employed from May 18, 1986, through Feb *501 ruary 19,1988. Taylor was employed from March 11, 1984, through February 12,1988. When hired, plaintiffs each received a copy of the St. James Place personnel policy manual, and each signed an acknowledgment form, indicating that she had received the manual.
On or about February 5, 1988, Bill Bivens, executive director of St. James Place, called a meeting of the housekeeping employees. A resident’s rug had disappeared, and although no employee was accused of taking the rug, the fact that this article had disappeared alerted Bivens that the clean linen room was not routinely secured. This knowledge prompted Bivens to adopt a new policy. Under the new policy, the clean linen room would be locked on weekends, and a designated housekeeping employee would be required to take a key home on specified weekends. Bivens instituted the key policy as a security measure, which was in accord with general company policy. Plaintiffs acknowledged that they would not object to picking up a key from the receptionist at the beginning of each shift and returning it to her at the end of the shift; however, they refused to take the key home on the weekend. The receptionist did not report to work until after the housekeeping employees on weekends, which made it impossible for the housekeeping employees to obtain the key from the receptionist as they requested. After the new policy was implemented, plaintiffs refused to accept responsibility for the key and were subsequently discharged for this refusal.
Plaintiffs subsequently filed claims for unemployment compensation benefits, which were denied by the Board of Review. Thereafter, plaintiffs filed a petition for judicial review with the district court. After a hearing on the matter, the trial judge rendered judgment, affirming the decision by the Board of Review and dismissing plaintiffs’ suit.
From this adverse judgment, plaintiffs appeal, assigning the following specifications of error:
1. District Court erred in holding that appellants were guilty of disqualifying misconduct in connection with their claims for unemployment compensation benefits based on the total circumstances surrounding their discharge.
2. The District Court erred in its interpretation of the Law with respect to the type of conduct required to support a conclusion that appellants were guilty of “misconduct connected with their employment.”
DISQUALIFICATION
Judicial review of an administrative proceeding for unemployment compensation benefits is limited to determining whether the findings of fact of the Board of Review are supported by sufficient, competent evidence and whether, as a matter of law, the findings of fact justify the Board’s decision. LSA-R.S. 23:1634(B); Romano v. Whitfield, 535 So.2d 12 (La. App. 4th Cir.1988). Specifically, the scope of judicial review of a decision by the Board is limited to questions of law. The findings of fact by the Board are conclusive if supported by sufficient evidence, in the absence of fraud. Courts are not permitted to redetermine the sufficiency of the proof, the Board’s credibility evaluations, or its reasonable factual inferences, as long as the Board’s findings are supported by competent evidence. Hall v. Doyal, 191 So.2d 349 (La.App. 3rd Cir.1966). Further, it is not the function of the courts to weigh the evidence, resolve conflicts in the testimony, determine the credibility of witnesses, or to decide what inferences are to be drawn from the evidence. This court may not reevaluate the evidence or substitute its own judgment on the facts for that of the Board. Administrative determinations are conclusive unless wholly without evidential support, or wholly dependent on a question of law, or clearly arbitrary or capricious. Ducote v. Louisiana Office of Employment Security, Department of Labor, 401 So.2d 1087 (La.App. 3rd Cir.1981).
The Board of Review based its finding of misconduct on plaintiffs’ refusal to comply with a rule of their employer. The evidence established that the amended *502 company policy required that plaintiffs take responsibility for the clean linen room key on specified weekends and that each refused to comply with company policy.
It is clear that an employee who deliberately violates a reasonable rule of his employer is guilty of misconduct under the provisions of LSA-R.S. 23:1601(2) and, therefore, would not be qualified for benefits under the Employment Security Law. Fonts v. Delta Southern Company, 273 So.2d 909 (La.App. 1st Cir.1973); Rankin v. Doyal, 223 So.2d 214 (La.App. 2nd Cir.1969). It is undisputed that plaintiffs violated their employer’s rule and were discharged for refusal to comply with such rule. Therefore, the question remaining is whether the rule was reasonable. The record supports the Board’s finding that the employer policy was reasonable in that it was adopted in an effort to maintain security in the facility.
We find that the evidence amply supports the findings of facts and decision by the Administrative Law Judge, the Board of Review, and the trial court that plaintiffs’ failure to follow a reasonable request of their employer rendered them subject to discharge for misconduct connected with their employment. For these reasons, the plaintiffs are not qualified for unemployment compensation. The judgment of the lower court is affirmed. All costs of this appeal to be paid by plaintiffs.
AFFIRMED.