474 So.2d 544 (1985)
Elizabeth A. WILLIAMS, Plaintiff-Appellant,
v.
ADMINISTRATOR OF the OFFICE OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR, and Casa De Vida, Defendants-Appellants.
No. 84-649.
Court of Appeal of Louisiana, Third Circuit.
August 22, 1985.
*545 Gray, Clemons & Spruel, James Spruel, Jr., Lake Charles, for plaintiff-appellant.
James A. McGraw, Baton Rouge, for defendant-appellee.
Before STOKER, LABORDE and YELVERTON, Judges.
LABORDE, Judge.
Appellant Elizabeth Williams appeals from a trial court judgment affirming the decision by the Administrator of the Office of Employment Security denying her unemployment compensation benefits. We affirm.
Appellant was employed as a trainer with the Casa De Vida (now Multi-Care Inc.), a home for the mentally retarded. The residents of the home, being mentally retarded, require constant supervision. It was appellant's job as a trainer to moniter closely the residents within her assigned area. Also, it is company policy that, before any trainer can leave her area of responsibility, she is required to get permission from either her team leader or the supervisor. By her own admission, appellant left her area of responsibility both while on duty and without permission. Appellant went to the parking lot to secure her driver's license from her car because her husband came to trade his car for hers.
On a prior occasion, appellant was caught out of her area of responsibility and, because of that incident, she was warned that she would be terminated if she was caught again out of her area of responsibility without permission. This incident, along with evidence that appellant read the employer's Personnel Policies, Procedures, and Rules, shows that she knew that permission from her supervisors' was required before she could leave her area of responsibility and that, if she did so without permission, she would be terminated.
The appeals referee concluded from the facts and testimony presented at trial, *546 that plaintiff was properly disqualified from receiving unemployment benefits. He stated:
"it is concluded that the claimant [ (appellant) ] was discharged from work because of her failure to abide by company rules and policies of which she was aware. Although there were other personnel in the gym when the claimant left the students, this does not alter the fact that she was the person acting as Trainer, the other individuals were not assigned to remain with the students. The claimant admitting [sic] leaving the students in the gym to go to the parking lot and get her drivers license."
The findings of the board of review as to the facts, if supported by sufficient evidence, shall be conclusive, and the jurisdiction of this court shall be confined to questions of law. LSA-R.S. 23:1634. Appellant contends that the facts found by the board were neither sufficient nor based on competent evidence because the evidence presented by the Office of Employment Security was entirely hearsay. We disagree. We find that appellant's own admissions at trial and testimony of a coworker, Ms. Yolanda Williams, are sufficient to conclude that the findings of fact by the board are supported by competent evidence.
Appellant next contends that her actions did not constitute "misconduct" as intended by LSA-R.S. 23:1601(2).
"Misconduct under LSA-R.S. 23:1601(2) has been defined by the jurisprudence as an act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of the standards of behavior which the employer has the right to expect of his employee; or, negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer."
Pilgrim Manor Nursing Home v. Gerace, 337 So.2d 660, 662-63 (La.App. 3rd Cir. 1976) (citations omitted) (emphasis added).
Appellant contends that although she was away from her assigned area, her action, under the circumstances, failed to constitute a "wanton, willful or negligent disregard of the employer's interest." She asserts that since other workers were with the residents in her assigned area and these workers were able to moniter them, her action did not constitute "misconduct" as defined by LSA-R.S. 1601(2).
Appellant simply disregards another standard of misconduct. When there is a deliberate violation of the employer's rules by an employee, there is "misconduct." Under this standard, protection of the interests of the employer plays no part. The employee's action is misconduct merely by deliberate violation of an employer's rule. See Burge v. Administrator, Div. of Employment Security of the Dept. of Labor, 83 So.2d 532, 535 (La.App. 2nd Cir. 1955); see also Bowman v. State, Office of Employment Security, 403 So.2d 825, 827 (La.App. 2d Cir.1981). In the present case, plaintiff knew she could be fired if, without permission, she left her area of responsibility, and she chose to leave that area without getting the required authorization.
For the above reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to appellant.
AFFIRMED.