J. BRUCE NACCARI, Judge Pro Tem.
This appeal is from judgment affirming a decision of the board of review of the Office of Employment Security, denying eligibility for unemployment benefits.
Marvin Causin, a long time employee of Louisiana Power & Light Company, was fired on August 4, 1983. Unemployment benefits were denied to him because his termination was for cause. His appeal was heard before an appeals referee, from *102 whose unfavorable decision he appealed unsuccessfully to the board of review and the district court. This appeal followed.
The company’s reason for discharging Causin was that he had deliberately violated its rules by leaving his assigned work area during working hours without permission. He was a meterman, based in Gretna and assigned to work in the company’s Terrebonne district, when he was reported by an anonymous caller to have been parked several times at an apartment building near Highway 90 at Paradis, a town in St. Charles Parish. Causin’s supervisor, Jim Willis, and Willis’s superior, Bennie Bell, saw the truck assigned to Causin parked at the apartment at 3:45 p.m. July 15, 1983. On July 19, 1983 Willis and an employee of the company’s Luling office observed the truck at the same place from 3:05 p.m. until 4:05 p.m. when Causin came out of the building and drove off toward Gretna.
Compounding the offense in the judgment of company personnel was an incident which had happened in December, 1981. Causin had been intoxicated and wrecked his assigned vehicle some distance outside his work area. Because he had worked for the company a number of years he was not terminated, but was penalized with two weeks suspension without pay. After a conference with his superiors on January 23, 1982 he signed a written report of the meeting, indicating that he fully understood the report. The orders which the company maintains were violated in July, 1983 read as follows in the 1982 document:
Marvin was told he was to work in his assigned area, and if for any reason he had to leave his assigned area during working hours, he is to inform his supervisor. If he is unable to contact his supervisor he is to contact one of his higher levels of supervision in the divi-sion_ Violation ... could result in termination of his employment.
The Appeals Referee’s decision was as follows:
The evidence in this case reveals that the claimant was terminated for a violation of company policy regarding being out of the assigned work area. He had been warned and suspended for a previous violation. Therefore, it is concluded that the claimant was discharged under disqualifying conditions.
In the district court’s reasons for judgment it was stated that Causin clearly had, “deliberately violated his employer’s rules by engaging in conduct which he knew was contrary to his employer’s policy.”
The statute governing unemployment compensation provided in LSA-R.S. 23:1601(2) that a worker shall be disqualified for benefits because of “misconduct connected with his employment.” The Supreme Court in Charbonnet v. Gerace, 457 So.2d 676 (La.1984), set out the criteria for such misconduct at 678:
For a claimant to be disqualified from benefits because of ‘misconduct connected with his employment’ under La.R.S. 23:1601(2), the ‘misconduct’ must have resulted from willful or wanton disregard of the employer’s interest, from a deliberate violation of the employer’s rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees. Pilgram Manor Nursing Home, Inc. v. Gerace, 337 So.2d 660 (La.App. 3rd Cir.1976). The type of behavior which is considered ‘willful misconduct’ is intentional wrong behavior. Banks v. Administrator of Employment Security, 393 So.2d 696 (La.1981). Because of the beneficial purpose of unemployment compensation, the term ‘misconduct’ should be construed so as to favor the awarding of benefits rather than disqualification.
An employee’s conduct may be unsatisfactory to the employer, so that firing is appropriate, without its constituting disqualifying misconduct. Giss v. Sumrall, 409 So.2d 1227 (La.App. 2nd Cir.1981). An employee must be shown to have been aware of company rules or policy for his behavior to be construed as willful and intentional misconduct. Charbonnet v. Gerace, supra; *103 Banks v. Administration of Department of Employment, 393 So.2d 696 (La.1981).
LSA-R.S. 23:1634 provides for judicial review of a decision of the board of review by petition to the district court. The scope of review is stated as follows:
... In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, ...
Causin was represented by counsel at the appeals tribunal hearing. Appearing for the employer were James Willis, Westbank meter foreman, and Jerry Brady, employment manager. Causin made a brief statement and his attorney questioned the company witnesses. The plaintiffs defense is that he was guilty of no wrong doing, as the apartment he visited was only a block off the highway from Terrebonne to his home base at Gretna and he chose to take his lunch hour there at the end of the work day. He stated that he was “just trying to help a friend to get off of drugs.”
James Willis testified that when he and his superior, Bennie Bell, called Causin in to confront him with his alleged misconduct he stated that he had never stopped at the woman’s apartment longer than 15 or 20 minutes. Furthermore, he had finished his work and had simply left Terrebonne in time to reach home by 5:00. In response to the plaintiff’s argument that he had not been told of any rule forbidding employees to take a lunch hour at the end of the day, Willis stated that the matter of lunch hours on the road had been brought up in group discussions with the employees. Although some flexibility was allowed as to the time of day, the employees were not allowed to have lunch at the end of the day and quit work an hour earlier.
It is clear that Causin had left his work area during work hours without permission. The employers gave him no warning after discovering the visits to Paradis before firing him, believing that their warning after the wreck two and one-half years earlier was sufficient. Causin considers the two situations to be entirely different and takes the position that he was unaware that his visits to Paradis were a violation of the company rules involved in the earlier situation. In the 1981 accident, Causin had attended Christmas parties and had become intoxicated while away from his work area. When informed of his suspension he had agreed with his superiors that in the future he would not leave his assigned work area during working hours without notifying a supervisor.
We find that the employer carried its burden of proof that the plaintiff was guilty of a deliberate violation of the employer’s rule. An eye-witness testified at the hearing regarding the events leading to termination, and the employer’s personnel manager testified as to company policy. The claimant was represented by counsel. Where more than one reasonable construction may be made from the evidence the court should accept the interpretation made by the agency. Bowman v. State Office of Employment Security, 403 So.2d 825 (La.App. 2nd Cir.1981).
■ For the reasons stated above, the judgment appealed from is affirmed.
AFFIRMED.