BOWES, Judge.
Plaintiff-appellant Sonny Weber (Weber) appeals from an adverse judgment in the district court affirming the denial of unemployment compensation benefits to him. Plaintiff had refused to attend a special training course after being told by his supervisor that attendance was mandatory; upon his refusal, Weber was terminated and, after its initial determination, the State Office of Employment Security (OES) denied Weber unemployment benefits. The denial was affirmed by the appeals tribunal, the board of review, and the district court for the Parish of St. John. We affirm for the following reasons.
Weber was hired by the St. John Parish Sheriff’s office on May 19,1933, his job description being that of jailer.[1] Weber admitted that, at the time he was hired, he was made aware of the requirements of La.R.S. 40:2405.[2] The statutes then in effect mandated that any person beginning employment as a peace officer subsequent to January 1, 1983 must successfully complete a certified training program and pass an examination approved by the Council on peace officer standards and training of the Department of Public Safety.
The St. John Parish Sheriffs office began to implement this policy and scheduled Weber for attendance on August 12, 1985. Mr. Weber refused to attend, stating that he .felt he could not have passed. In response to questions directed to him (by the appeals referee), Weber said that he didn't have enough education, had only been through fifth grade, and that he could read and write “very little.”
Lt. Steve Guidry, Warden of the Parish Prison in St. John, testified that he spoke to Weber about attending the training course on several occasions; Guidry informed Weber that the office would help him and make it as easy as possible for him. Weber continued to refuse, still citing his lack of education, and was subsequently terminated. Guidry stated that Weber would not have been terminated but for his refusal to attend the mandatory training course.
Unemployment benefits were denied on the finding of OES that Weber failed to follow a reasonable request of his employer in regard to his work.[3] “Your discharge was for misconduct connected with the employment.” (Nature of Claim Determination)
After unemployment compensation benefits were denied, Weber filed for appeal with the appeal tribunal as determined by La.R.S. 23:1628 — 29.[4] In her opinion, the appeal referee found:
The facts in this case show that the claimant was discharged for refusing to *833 attend a training session which was required by the employer and mandated by the State Law. He was aware that his failure to attend as requested would be grounds for dismissal. He was aware that the employer would provide assistance in the course but chose to make no effort to protect his employment. Therefore, it is determined that the claimant was discharged under disqualifying conditions.
The initial determination of OES that Weber was disqualified from receiving benefits was affirmed. Weber appealed to the board of review for the OES, which reviewed the records and denied the appeal, ordering that the decision of the appeals referee be affirmed.[5]
After timely appeal to the district court, the trial judge stated that he was unable to find valid cause to reverse the board of review and, in his reasons for judgment, held:
The findings of the Court leave a painful result, since the Petitioner was not guilty of any employment misconduct, however, I find as a matter of fact that basic and fundamental use of the written English language is a necessary requirement of Plaintiff's duties and the Sheriffs Office was not unreasonable in its demands.
In order to fully protect the public, including those under arrest, a Sheriff must be able to depend on employees who can read and write.
On appeal, plaintiff alleges that it was error for the court: (1) to recognize that Weber was not guilty of misconduct, yet fail to reverse the Board’s decision; (2) to affirm the Board based on its belief that the employer must be able to depend on employees who can read and write; and (3) to affirm the Board when there was no competent evidence to substantiate a finding of misconduct.
The board of review may on its own motion, within fifteen days after the date of notification or of mailing of a decision of an appeal tribunal, initiate a review of such decision or allow an appeal to be filed by any party entitled to notice of such decision. An appeal filed by any such party shall be allowed as of right if such decision was not unanimous, or, if the determination was not affirmed by the appeal tribunal. Upon review on its own motion or upon appeal, the board of review may, on the basis of the evidence previously submitted in such case, or upon the basis of such additional evidence as it may direct be taken, affirm, modify or reverse the findings and conclusions of the appeal tribunal....
At the outset, we note that the scope of judicial review in these cases is statutorily limited by La.R.S. 23:1629, which states in pertinent part:
... In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file with the court such additional or modified findings and conclusions, together with a transcript of the additional record.
[[Image here]]
An appeal may be taken from the decision of the district court to the circuit court of appeal in the same manner, but not inconsistent with the provisions of this Chapter, as is provided in civil cases.
In the present case, the board of review has constructively adopted the fact findings of the appeals referee under R.S. 23:1630, which provides in part:
“... Provided, that upon denial by the board of review of an application for appeal from the decision of an appeal tribunal, the decision of the appeal tribunal shall be deemed to be a decision of the board of review within the meaning of this section for purposes of judicial review....”
*834 Judicial review of the findings of the board of review does not permit the weighing of evidence, drawing of inferences, reevaluation of evidence, or substituting the views of the court for that of the board of review as to the correctness of the facts. Dubois v. Louisiana Department of Labor, Office of Employment Security, 427 So.2d 645 (La.App. 5 Cir.1983).
Our function, then, is to determine whether the finding of fact, that Weber was guilty of misconduct sufficient to disqualify him from benefits, is supported by sufficient evidence, and then to correctly apply the relevant law.
By his own admission, Weber refused to attend the training school because he felt he would not pass. He was fully aware of the statutory obligation to do so, and his employer’s message that he (Weber) would be terminated if he continued to refuse was quite clear to him. Guidry’s testimony was to the same effect. We find, therefore, that there was ample evidence to support the fact findings of the appeals tribunal.
Further, we find that such refusal constituted “misconduct” under R.S. 23:1601(2):
For a claimant to be disqualified from benefits because of “misconduct connected with his employment” under La.R.S. 23:1601(2), the “misconduct” must have resulted from willful or wanton disregard of the employer’s interest, from a deliberate violation of the employer’s rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees. Pilgram Manor Nursing Home, Inc. v. Gerace, 337 So.2d 660 (La.App. 3rd Cir.1976). The type of behavior which is considered “willful misconduct” is intentional wrong behavior. Banks v. Administrator of Employment Security, 393 So.2d 696 (La.1981). Because of the beneficial purpose of unemployment compensation, the term “misconduct” should be construed so as to favor the awarding of benefits rather than disqualification. Charbonnet v. Gerace, 457 So.2d 676 (La.1984)
Misconduct on the part of an employee, as contemplated in the unemployment compensation statute, should be determined by the nature of the violation with due consideration of the factors which enter into the proper conduct of the employer’s work and business rather than determined upon the basis of the number of violations. Rankin v. Doyal, 223 So.2d 214 (La.App. 2 Cir.1969)
In addition, the employee’s action is misconduct merely by deliberate violation of an employer’s rule. Williams v. Administrator of the Office of Employment Security, 474 So.2d 544 (La.App. 3 Cir.1985). Misconduct must be determined on the facts of the individual case. Ball v. Lockwood, 440 So.2d 932 (La.App. 2 Cir.1983).
It is obvious that Weber’s refusal to attend training was an intentional and deliberate violation of a rule which his employer was obligated by law to follow. Under this standard alone, Weber was guilty of misconduct. Moreover, we find that his actions evidence a substantial disregard of not only the sheriff’s interests, but also his own duties to the sheriff — that is, to adhere to the statutory obligations imposed on the sheriff. Compliance by the sheriff is an important factor entering into the proper conduct of his business, as discussed in Rankin, supra.
In a case in which willful misconduct is alleged, the employer has the burden of proving the misconduct by a preponderance of the evidence. Charbonnet, supra. Under the particular facts before us, the proof of misconduct, as defined by the jurisprudence, is overwhelming and we find that the employer easily carried his burden.
Accordingly, we hold that the trial judge erred in finding that there was no employment misconduct but that he ultimately correctly concluded that the Board’s decision should be affirmed. Therefore, the judgment of the trial court is affirmed, with all costs assessed to plaintiff-appellant.
AFFIRMED.

. La.R.S. 40:2402 defines a peace officer, in part:
(b) "Peace officer" shall also include those sheriffs deputies whose duties include the care, custody, and control of inmates.
Weber’s job description of jailer plainly is included in the above definition.

. La.R.S. 40:2405 states, in pertinent part:
A. Notwithstanding any other provision of law to the contrary, any person who begins employment as a peace officer in Louisiana subsequent to January 1, 1986, must successfully complete a certified training program approved by the council and successfully pass a council-approved comprehensive examination within one calendar year from the date of initial employment. Failure to comply with this requirement will be grounds for the council to seek an injunction prohibiting such an individual from exercising the authority of a peace officer.
At the applicable time involving Mr. Weber’s employment, the relevant employment date was January 1, 1983.

. La.R.S. 23:1601 governs disqualification for unemployment compensation benefits, and directs that an individual shall be disqualified:
(2) If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment.

. La.R.S. 23:1628 describes the composition and remuneration of the appeals tribunals; La.R.S. 23:1629 specifies the time for filing an appeal, and:
Unless the appeal is withdrawn with its permission or is removed to the board of *833 review, the appeal tribunal, after affording the parties reasonable opportunity for a fair hearing, shall make findings and conclusions and on the basis thereof affirm, modify, or reverse the determination.
[[Image here]]

. § 1630. Review of decision by board of review: notice of board’s decision