KNOLL, Judge.
Chiles Offshore, Inc. (hereafter Chiles) appeals the judgment of the trial court which affirmed the finding of the Board of Review that Tom Bates’ refusal to participate in a random drug screen urinalysis test did not constitute misconduct for which he could be denied unemployment compensation benefits. We reverse and render.
FACTS
From March 20, 1984, until December 16, 1986, Tom Bates was employed by Chiles as a crane operator as part of its offshore oil drilling operations. On November 14, 1984, Bates signed a form which provided as follows:
“The use of any substance which may distort an employee’s perception or inhibit the person’s alertness or reflexes is strictly forbidden.
Any employee who possesses any firearm, alcohol, drugs, drug-related items, or narcotics while performing assigned *850 duties on or about any of Chiles Drilling Company’s properties, facilities or vehicles may be discharged immediately. Any employee trying to perform assigned duties while under the influence of alcohol or narcotics may be discharged immediately.
Any employee convicted of driving a company vehicle while under the influence of alcohol or narcotics may be discharged.
Chiles Drilling Company reserves the right, at all times, when circumstances warrant it, to have authorized personnel conduct searches or inspections of employee’s personal effects, lockers, baggage, vehicles, and quarters, for the purpose of determining if any employees are in possession of any illegal or unauthorized items. Methods used to determine compliance with this policy may also include blood and urine analysis, and/or polygraph testing. Prior announcement of these searches or testing is not mandatory. Chiles Drilling Company not only has the right, but an obligation to conduct these searches and inspections to insure both a safe and healthy working environment for its employees.
Any Company employee who refuses to submit to a search, cooperate with other detection methods, or is found in possession of any such illegal or unauthorized items will be subject to disciplinary action up to and including immediate discharge ...
I HAVE READ AND UNDERSTAND THE ABOVE POLICY. I UNDERSTAND THAT THIS POLICY WILL BE ENFORCED AND THAT PERSONAL SEARCHES, BLOOD TESTS, URINALYSIS, AND/OR POLYGRAPH TESTING MAY BE USED TO ENFORCE THE POLICY.
I UNDERSTAND COMPLETELY THAT DISCIPLINARY ACTION MAY BE TAKEN IN THE EVENT I POSSESS, USE OR DISTRIBUTE CONTRABAND AT A COMPANY LOCATION.
I FURTHER UNDERSTAND THAT DISCIPLINARY ACTION MAY BE TAKEN IF I REFUSE TO BE SEARCHED OR COOPERATE WITH OTHER DETECTION PROCEDURES. I HAVE READ AND UNDERSTAND THE ABOVE POLICY AND CONSENT TO SAID SEARCHES.”
During the two years after signing the document, Bates complied with the policy, giving urine samples on four or five occasions. Bates passed each test.
On December 16, 1986, Bates refused to submit to a urinalysis, contending that he had consistently complied previously, that the test was inaccurate, and that the testing violated his constitutional rights. As a result of Bates’ refusal to submit to the test, Chiles discharged him.
Bates applied for unemployment compensation and was found eligible for benefits. Chiles’ appeals to the administrative law judge and the Board of Review were denied. On March 1, 1988, the district court affirmed the decision of the Board of Review. This appeal followed.
MISCONDUCT
Chiles makes a three-pronged argument in favor of a reversal of the trial court’s judgment: (1) the provision of LSA-R.S. 23:1601(10)(a), as amended in 1987, which classifies the refusal to submit to a drug test as misconduct, should be applied retroactively; in the alternative, (2) Bates’ violation of a reasonable employer rule constitutes misconduct; and, (3) Bates’ failure to comply with a reasonable request of his employer constitutes misconduct.
LSA-R.S. 23:1634(B) limits the scope of appellate review in unemployment compensation cases as follows:
“In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
In the case sub judice, we are confined to review only questions of law, since fraud is not an issue.
Chiles contends that Bates was guilty of misconduct because he refused to follow a *851 reasonable rule established by it. We agree.
Misconduct such as to disqualify an employee from receiving unemployment compensation must be employment related. Morris v. Gerace, 353 So.2d 986 (La.1977).
In Pilgrim Manor Nursing Home, Inc. v. Gerace, 337 So.2d 660 (La.App. 3rd Cir. 1976), we stated:
“Misconduct under LSA-R.S. 23:1601(2) has been defined by the jurisprudence as an act of willful or wanton disregard of the employee’s interest; a deliberate violation of the employer’s rules; a disregard of the standards of behavior which the employer has the right to expect of his employee; or, negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer.” (Emphasis added.)
Under Louisiana jurisprudence, an employee’s deliberate and intentional violation of a reasonable employer rule constitutes “misconduct”, even if the employee disagrees with the company pronouncement. Williams v. Adm’r of Office of Emp. Sec., 474 So.2d 544 (La.App. 3rd Cir.1985).
Bates argued on the administrative level that Chiles’ drug testing program infringed upon his constitutional rights. We disagree. The United States Supreme Court has consistently held that the Fourth Amendment is limited to governmental intrusion. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); United States v. Jacobsen, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). Bates’ reliance upon the jurisprudence which applies the Fourth Amendment to drug screenings is misplaced herein because those decisions involve public employees. Burdeau, supra; see also National Treasury Employees Union v. Von Raab, — U.S. -, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989); Skinner v. Railway Labor Executives Ass’n, — U.S. -, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989). In the present case, it is not proper to apply the Fourth Amendment restrictions in determining misconduct. Thus, our inquiry focuses on the reasonableness of Chiles’ regulation.
In the case sub judice, Chiles adopted a policy banning the use of drugs on its properties and properly instituted a testing procedure to insure a safe and healthy working environment for its employees. As found by the administrative law judge, Bates complied with Chiles’ policy on four or five occasions before refusing to submit to another urinalysis screening. We find that Chiles’ rule was reasonable and directly related to its goal of providing a safe place for its workers. Therefore Bates’ refusal to submit to the drug screening test constituted misconduct under the in-tendment of LSA-R.S. 23:1601(10)(a) and its interpretative jurisprudence.
On the administrative level, Bates also contended that Chiles’ testing procedure was inaccurate. Bates offered no evidence to support his contention that the drug screening test Chiles utilized was in fact inaccurate. Thus, that issue is not before us.
Having determined that Bates’ refusal to submit to the drug screening test constituted misconduct, we pretermit the remaining assignments raised by Chiles.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of Chiles Offshore, Inc. and against Administrator, Department of Employment Security, and Tom Bates, finding Bates disqualified for unemployment compensation benefits. Costs of this appeal and the trial court are assessed to Tom Bates.
REVERSED AND RENDERED.