CRAIN, Judge.
Appellant appeals a decision of the district court upholding the Board of Review in reversing the decision of the Administrative Law Judge thereby disqualifying appellant for unemployment compensation benefits.
The Board of Review found as follows: The claimant was employed with another company which is under the ownership of Turner Investments, Limited Companies, of which the named employee is also a part. When he was hired by the other company, he signed an acknowledgment form indicating that he was aware of the employer’s Drug Screening Policy and agreed to submit to all of the policy’s requirements, to include taking a Drug Screening Urinalysis Test.
[[Image here]]
On May 31, 1988, the claimant was asked to submit to a Drug Screening Urinalysis Test in accordance with the employer’s policy. He refused to take the test because he felt that the test was not correct and that the test invaded his privacy. He thought that his job performance was enough to prove his ability on the job. Subsequently, he was discharged from the employment in accordance with the company’s policy.
[[Image here]]
After carefully reviewing the record in this case, the Board finds that the em *344 ployer has proven by a preponderance of the evidence that the claimant was discharged from the employment because of misconduct connected with the employment, due to his refusal to submit to a Drug Screening Urinalysis Test. The claimant acknowledged that he was aware of the employer’s Drug Screening Policy. The record reflects a signed statement by the claimant indicating his awareness of the policy.
Due to the aforementioned, the claimant will be denied benefits.
The only issue raised by appellant on appeal to this court is whether appellant rebutted the presumption of misconduct under La.R.S. 23:1601(10)(a). We find that is not necessary to determine this issue since the Board of Review was not legally incorrect in determining from the facts presented that appellant was disqualified for being discharged for misconduct under La.R.S. 23:1601(2)(a).
Under La.R.S. 23:1601(10)(a) an employee can be disqualified for benefits if “he has been discharged ... for the use of illegal drugs.” As used in this section, “misconduct shall include discharge for either on or off the job use of a nonprescribed controlled substance ... [T]he employer must prove the employees’ use of the controlled substance only by a preponderance of the evidence.” The only drug tests admissible to prove drug usage are those “done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer. Discharge of an employee for refusal to submit to a drug test ... shall be presumed to be misconduct.”
Under this section since misconduct is defined as drug use and the failure to take a drug test is presumed to be misconduct, the failure to take the test presumes drug use. Consequently, appellant introduced evidence to show that even though he refused to take the test he was not using drugs. He argues he introduced sufficient evidence to overcome the presumption of drug use.
Regardless of whether the evidence is sufficient to overcome the presumption of drug use, the Board was justified in disqualification for benefits for misconduct other than that defined in La.R.S. 23:1601(10)(a). In fact, the Board carefully did not specify that the disqualification was for presumed drug use, but for refusing to adhere to a company policy of which the employee was aware.
La.R.S. 23:1601(2)(a) provides that an employee can be disqualified for benefits if discharged “for misconduct connected with [the] employment.” This disqualifying misconduct was defined by the Supreme Court in Charbonnet v. Gerace, 457 So.2d 676, 678 (La.1984) as that resulting “from a deliberate violation of the employer’s rules_” See also, Williams v. Administrator of the Office of Employment Security, 474 So.2d 544 (La.App. 3d Cir.1985) and Rankin v. Doyal, 223 So.2d 214 (La.App. 2d Cir.1969).
The record supports a finding by the Board that appellant deliberately violated a company rule known to him at the time of employment. This is sufficient to support disqualification for misconduct.
The judgment of the district court is affirmed. Appellant is to pay all costs.
AFFIRMED.